CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 0 1 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MAUVILLE A. LAKE, | ) |
| Plaintiff, | ) Civil Action No. 7:08-cv-00378 |
| | ) |
| v. | ) **OPINION & ORDER** |
| | ) |
| GENE JOHNSON, et al., | ) By: Hon. James C. Turk |
| Defendant(s). | ) Senior United States District Judge |

This matter is before the court upon plaintiff's motion for a preliminary injunction. Upon review of the record, the court concludes that the motion must be denied.

Plaintiff Mauville A. Lake, an inmate proceeding pro se, alleges the following sequence of facts in support of his request for a preliminary injunction. He is serving a life sentence imposed by a court in the Virgin Islands, but for five months, has been incarcerated at Wallens Ridge State Prison in Big Stone Gap, Virginia. He is diabetic and has for years taken a certain type of insulin to control his blood sugar levels. After his incarceration in the Virgin Islands, doctors in the prison system there continued the treatment, and it controlled Lake's symptoms. A doctor at Wallens Ridge has switched him to another medication as treatment for his diabetes. Lake claims that this medication is not effective, that his blood sugar is out of control, and that he suffers uncomfortable symptoms and faces life threatening consequences if his diabetes is not effectively treated. When he complains of his condition to the doctor, the response is an increase in the dosage of the new medication. Lake also claims that the diabetic diet he receives at Wallens Ridge includes many items that adversely affect his blood sugar levels, forcing him to skip meals and try to survive on appropriate foods that he purchases from the commissary. He also alleges that he is unable to get sufficient exercise at Wallens Ridge, because as a maximum security facility, its frequent lockdowns and more restrictive atmosphere often prevent him from receiving scheduled recreation periods.

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991)(citation omitted). The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel, 635 F.2d at 286.

To prove that his course of medical treatment in prison amounted to a violation of the Eighth Amendment, plaintiff must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth amendment except in extraordinary circumstances. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

Moreover, mere malpractice or negligence in diagnosis does not state a federal claim. Estelle, 429 U.S. at 105-106.

The court does not find that Lake's allegations present grounds on which he is entitled to a preliminary injunction. First, he has not yet demonstrated to the court that he has exhausted administrative remedies, pursuant to 42 U.S.C. § 1997e(a). If he has not yet sought solutions for his medical problems at the institutional level, he cannot demonstrate that the alleged future harm is imminent. Second, he does not demonstrate a substantial likelihood of success on the merits of his claims. It is clear from Lake's submissions that he is receiving treatment for his diabetes at Wallens Ridge and that his condition is being closely monitored, with checks of his blood sugar being performed regularly. His complaints about the new medication and the type of diet he is receiving appear to be nothing more than disagreements with the medical judgments of his treating physician at the prison, and such disagreements are not ordinarily actionable under § 1983. Furthermore, Lake does not yet that any of the current defendants knew of his complaints that his diet and exercise are inadequate, so that they could take steps to ensure that any problems in this area are corrected to avoid complicating his medical condition.

It is conceivable that plaintiff may be able to demonstrate that medical staff or other prison personnel are acting with deliberate indifference to risks presented under the present course of treatment and from a lack of appropriate diet and exercise. Therefore, the court will, by separate order, allow the case to go forward at this time, rather than dismissing it summarily, pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] However, the court does not find that plaintiff's

---

[1] By separate order, the court will file the case conditionally and require plaintiff to provide additional information about his claims, activity in his financial account, and his utilization of the prison's grievance procedures. Once plaintiff has complied with the conditions stated in that

3

current allegations demonstrate a substantial likelihood of success on the merits and so will deny his request for preliminary injunctive relief.

For the stated reasons, it is hereby

## ORDERED

that plaintiff's motion for preliminary injunctive relief (Dkt. No. 5) is **DENIED**.

The Clerk is directed to send a copy of this order to plaintiff.

ENTER: This 1st day of July, 2008.

*James C. Turk*
Senior United States District Judge

---

separate order, the court will address his other pending motions.